### VICTOR TALKING MACH. CO. v. ARMSTRONG et al.

(Circuit Court, S. D. New York. October 4, 1904.)

**1. UNFAIR COMPETITION—DUPLICATION OF TALKING MACHINE RECORDS.**

> The duplication of disk records of vocal and instrumental music for use in talking machines by taking an impression thereof with a matrix, and placing the copies so made in the market, colored in imitation of the originals, and bearing the same numbers by which they are marked by the original manufacturer and designated in its catalogue, constitutes unfair competition.

In Equity. Suit for unfair competition. On motion for preliminary injunction.

Horace C. Pettit, for the motion.

Jones & McCormack, in opposition.

LACOMBE, Circuit Judge. The complainant manufactures and sells records of vocal and instrumental music for use with talking machines (phonographs). These records are of the variety known as disk records, and are thus produced. The orchestra or the singer executes the particular piece in front of a machine which receives the waves of sound and records them in a groove cut or traced out on the surface of a flat disk of material appropriate for receiving and retaining impressions. It is manifest that this record varies as the execution of the piece varies. If the piece be executed by a full orchestra of talented and highly trained performers playing in perfect accord, the record is not the same as that which would be produced by an insufficient number of instruments badly tuned, and played by persons of small skill and not in perfect time. From this original record a matrix is cast, from which again other disks are produced—duplicate originals, they may be called—which are sold to the public, and when placed in a phonograph reproduce, so far as the defects of such an instrument will permit, the sounds which were received by the recording instrument. The complainant, besides producing disks recording music produced by

¶ 1. Unfair competition, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.

performers of ordinary ability, has undertaken to provide a superior grade of record, where the music has been produced by well-known artists. To illustrate, it has, at very large expense, secured the services of Mme. Calve, of Sig. Campanari, of Sig. Caruso, and of others to sing certain selected pieces before its recording instruments, thus obtaining records of a higher grade, which it offers to the public at a price in excess of that charged for ordinary records. Complainant's ordinary records are plain black disks, with some gilt lettering in the center; its higher grade disks are also black, with a red center, upon which center appear, in gilt, its well-known trade-mark of a dog listening at a phonograph, and some lettering designating the piece of music, with the maker's name and address. The defendants have taken some of complainant's records—the duplicates sold to the public—and from them have produced matrices, and from these matrices have produced disk records which they offer for sale. Thus they save themselves the expense of securing an execution of the musical piece by singer or orchestra. Defendants' disks are brown, so dark in shade as to be nearly black, and have a red center upon which appear, in gilt, an eagle, with the description of the piece of music, and the maker's name.

The complainant contends that defendants have no right to take the disks which it produced as records of a piece of music specially executed, and reproduce from them duplicates thereof. The novel and interesting question thus presented need not now be discussed. Defendants contend that no one can have a trade-mark in a color alone, and that therefore complainant has no right to exclusive use of the "red seal" in the center of a disk as designating its superior and costly grade of record. In this case, however, we have much more than the use of a color, and the law of unfair competition may fairly be invoked. On every record of any particular piece of music which complainant sells there is a private number, a shop number; there is also a number, which agrees with the number on printed catalogues which are distributed to the public, thus facilitating the selection and ordering of goods. Both these numbers have been reproduced on copies of complainant's records sold by defendants. To illustrate: From the exhibits before the court it appears that the record of a piece of music called "Navajo," offered for sale by complainant, has the shop number "A. 960" and the catalogue number "2644," and a like record of "Navajo" offered for sale by defendants bears upon its face both these numbers. Moreover, the records themselves, i. e., the grooved lines through which the records of original sound waves are presented for reproduction to the "talking machine" are absolutely identical on both disks, whereas in every original execution of a piece of music there are slight variances, which would be preserved in an original record thereof.

Complainant is entitled to a preliminary injunction against the "manufacture and sale of disk records, black or nearly black in color, with a red seal center inscribed with decoration and letters in gilt, when such records contain the shop numbers or catalogue numbers of complainant's disk records, or when the sound-recording grooves thereon are copies of the grooves on complainant's disk records."